IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CURTIS RENA HILL, #296024<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:13-CV-4656-K-BK |
| CAPTAIN SIMON,<br>Defendant. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a Tarrant county inmate, sought to file a *pro se* complaint against Captain Simon. For the reasons that follow, this action should be dismissed for want of prosecution.

**I. BACKGROUND**

In November 2013, In light of Plaintiff's *pro se* status, the Court liberally construed the allegations in his motion to amend to raise new civil rights claims under 42 U.S.C. § 1983, which the Court ordered severed and filed in this action. *See Hill v. Simon, et al.*, No. 3:13-CV-2713-K-BK (N.D. Tex. Nov. 22, 2013) (denying motion to amend as untimely because Plaintiff had voluntarily moved to dismiss the case, and severing motion to amend which sought to raise new claims). Then on November 25, 2013, the Court issued a deficiency order, requiring a civil rights complaint on the court-approved form, and a motion to proceed *in forma pauperis* or the $400 filing fee. The deadline for Plaintiff to comply was December 23, 2013. However, on December 11 and 12, 2013, all orders and instructions were returned to the Court as "ATTEMPTED NOT KNOWN" and "RETURN TO SENDER NOT IN TARRANT COUNTY JAIL." (Doc. 6, 7). As of the date of this recommendation Plaintiff has failed to apprise the Court of his new address.

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's deficiency order and notify the Court of his new address. He has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution.

SIGNED December 26, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Absent a proper complaint, the Court cannot determine when the events at issue in this case occurred. Thus, it is unclear whether the higher standard for dismissal with prejudice for want of prosecution would be applicable in this case. *See Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985).

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* [28 U.S.C. § 636(b)(1)](#); [FED. R. CIV. P. 72(b)](#). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See [Douglass v. United Services Automobile Ass'n,](#) 79 F.3d 1415, 1417 (5th Cir. 1996)*.

_[signature]_
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3